IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS JOHN HEARN, as Personal
Representative of the ESTATE OF FRANK
JOHNSON, Deceased,

        Plaintiffs,

vs.                                    No.

JEFFEREY J. GRIFFIN, and
LIONS XPRESS, INC.,

        Defendants.

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

COME NOW the Defendant, Lions Xpress, Inc. by and through its attorneys of record, YLAW, P.C., and Defendant Jefferey J. Griffin, by and through his attorneys of record, Rodey, Dickason, Sloan, Akin & Robb, P.A. (collectively "Defendants") and file this Notice of Removal, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, for the removal of this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico on the following grounds:

1.      Plaintiff filed this civil action against Defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico.  Pursuant to D.N.M. LR-CIV 81.1, a copy of the Complaint for Personal Injury is attached hereto as **Exhibit A**.

2.      The listed Plaintiff, Thomas John Hearn, is the "duly appointed Personal Representative of the Estate of Frank Johnson, deceased." Ex. A ¶ 1. "[T]he legal representative

of the estate of the decedent shall be deemed to be a citizen only of the same State as the decedent…" 28 U.S.C. § 1332(c)(2). Upon information and belief, the deceased, Frank Johnson, was a resident and citizen of the State of Washington.[1]

3.      Defendant Jeffrey J. Griffin is a citizen and resident of Georgia, and is domiciled in Georgia. *See* Ex. A ¶ 3.

4.       Defendant Lions Xpress, Inc. is a California corporation with its principal place of business in California. *See* Ex. A, ¶ 4, and Corporate Disclosure Statement, filed concurrently. As a corporation, Lions Xpress, Inc. "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).

5.      As a result, for purposes of 28 U.S.C. 1332(a), there is complete diversity of citizenship between Plaintiff and Defendants.

6.      Plaintiff's Complaint does not allege the amount of damages incurred or the amount in controversy. *See* Ex. A.

7.      By correspondence dated May 31, 2022 from Plaintiff's counsel setting forth a demand for settlement at mediation, it is clear the amount in controversy exceeds the jurisdictional limit of $75,000.00.

8.      The mediation demand letter sent on behalf of Plaintiff shows the amount in controversy for Plaintiff's claims exceed the jurisdictional threshold of $75,000.00.  *See McPhail*

---

[1] Plaintiff's Complaint for Wrongful Death does not allege the residency of the decedent. The police report and online information, however, shown Mr. Johnson was a resident and citizen of the State of Washington at the time of his death.

*v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that a defendant may meet its burden of proof by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 by looking at a plaintiff's settlement demand).

9.      Although Defendants do not admit that Plaintiff has been damaged in any amount as the result of any acts or omissions of Defendants, the amount in controversy exceeds $75,000.00.

10.     Plaintiff's Complaint is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and which is removable by Defendants under the provisions of 28 U.S.C. §1441 in that:

      a.      The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

      b.      The matter in controversy is between citizens of different states.

11.     The Notice of Removal was filed with this Court within thirty (30) days after service of the Complaint and after Defendants had a good faith basis to assert that all requirements were satisfied.

12.     Defendant, Lion Xpress, Inc., immediately upon the filing of this Notice of Removal, gave written notice of the filing as required by 28 U.S.C. §1446 (d) and filed a copy thereof with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico, the Court from which this action is removed.

13.     This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, the Defendants Lions Xpress, Inc. and Jeffery J. Griffin request that the above-entitled action be removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to this United States District Court for the District of New Mexico.

Respectfully Submitted,

YLAW, P.C.

*/s/ Brett C. Eaton*
S. Carolyn Ramos
Brett C. Eaton
P.O. Box 3170
Albuquerque, NM 87190-3170
(505) 266-3995
cramos@ylawfirm.com
beaton@ylawfirm.com
***Attorneys for Defendant Lions Xpress, Inc.***

RODEY, DICKSAON, SLOAN, AKIN & ROBB, PA

_/s/ Seth L. Sparks_
Seth L. Sparks
P.O. Box 1888
Albuquerque, NM 87103
(505) 765-5900
ssparks@rodey.com
***Attorneys for Defendant Jefferey J. Griffin***

I HEREBY CERTIFY that on the 6th day of July 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David Duhigg
dlduhigg@gmail.com


/s/ Brett C. Eaton
S. Carolyn Ramos
Brett C. Eaton