FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
6/3/2022 2:33 PM
CLERK OF THE COURT
Catherine Chavez

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

THOMAS JOHN HEARN, as Personal
Representative of the ESTATE OF FRANK
JOHNSON, Deceased,

       Plaintiff,                    Case No. <u>D-202-CV-2022-03071</u>

v.

JEFFERY J. GRIFFIN, and
LIONS XPRESS, INC.,

       Defendants.

## COMPLAINT FOR WRONGFUL DEATH

COMES NOW the Plaintiff, Thomas John Hearn, as Personal Representative of the Estate of Frank Johnson, deceased, by and through his attorneys of record, DUHIGG & BERLIN, P.A. (David Duhigg), and hereby states as follows:

### INTRODUCTION

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Thomas John Hearn is the duly appointed Personal Representative of the Estate of Frank Johnson, deceased.

2. Plaintiff Thomas John Hearn is a resident of St. Maries, Idaho.

3. Defendant Jeffery J. Griffin was the driver of the tractor trailer involved in the subject collision that occurred in Bernalillo County, New Mexico, on December 3, 2021. Defendant Jeffery J. Griffin is a citizen of Winston, Georgia, and resides at 3207 Mason Creek Road, Winston, GA 30187, where he may be served with Process.

4. Defendant Lions Xpress, Inc., is a corporation with its principal place of business in Fresno, California, and may be served with Process through its registered agent.



5. At the time of the subject collision, Defendant Griffin was the employee or agent of Defendant Lions Xpress, Inc., and was acting within the course and scope of his employment and/or agency.

6. The accident occurred in Bernalillo County, New Mexico and therefore, venue properly lies in the Second Judicial District.

## GENERAL FACTS

7. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

8. Defendant Griffin was operating his 2019 Freightliner tractor-trailer rig in the course and scope of his employment as a driver for Defendant Lions Xpress, Inc.

9. Defendant Griffin was operating his tractor-trailer late in the afternoon on December 3, 2021, going east on I-40.

10. The road was clear and dry.

11. Defendant Griffin was driving straight.

12. Defendant Griffin was traveling at an excessive rate of speed considering the existing highway conditions heading east on I-40.

13. Defendant Griffin took his eyes off the road.

14. Defendant Griffin failed to maintain a lookout.

15. Defendant Griffin disregarded traffic signals and traffic conditions.

16. Decedent Frank Johnson was driving a 2000 Subaru Outback eastbound on I-40.

17. Due to Defendant Griffin's excessive speed, failure to maintain a lookout and disregarding the rules of the road, he crashed into the back of Frank Johnson's 2000 Subaru Outback, which then was propelled into the back of a 2022 Freightliner tractor trailer rig.

18. Decedent Frank Johnson sustained extensive injuries from the collision resulting in his death.

19. Decedent Frank Johnson experienced extreme fear and distress in the moments leading up to the impact and violent death.

20. Decedent Frank Johnson experienced severe pain and suffering following the impact until his death.

21. As a result of the collision, Decedent Frank Johnson suffered fatal injuries, thus giving rise to a wrongful death claim under New Mexico law.

**COUNT I:  NEGLIGENCE OF DEFENDANT JEFFERY J. GRIFFIN AND THE RESULTING WRONG DEATH OF FRANK JOHNSON**

22. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

23. Defendant Griffin had a duty to the driving public to operate his vehicle in a safe manner.  Defendant breached this duty and thereby caused the injuries to and the death of Frank Johnson.

24. Defendant Griffin was negligent in at least the following specific ways:

(a) Driving recklessly;
(b) Driving carelessly;
(c) Failing to maintain a proper and diligent lookout;
(d) Driving too fast for conditions;
(e) Failing to drive defensively;

    (f)    Failing to maintain control of his vehicle;

    (g)    Operating a commercial motor vehicle in a dangerously fatigued state;

    (h)    Failing to adhere to safe driving principles expected of professional truck drivers with commercial driver's licenses; and

    (i)    Otherwise failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

25. Defendant Griffin, at the time of the collision at issue in this Complaint, was subject to the laws of the State of New Mexico governing the operation of a motor vehicle on New Mexico's public roadways.

26. Defendant Griffin was negligent *per se* in that he violated laws of the State of New Mexico governing his operation of a motor vehicle on New Mexico's public roadways, including:

    (a)    N.M. STAT ANN. § 66-8-113 (1978): reckless driving; and

    (b)    N.M. STAT. ANN. § 66-8-114 (1978): careless driving.

27. Defendant Griffin, at the time of the collision at issue in this Complaint, was operating a commercial motor vehicle in interstate commerce and was subject to the provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR."

28. Defendant Griffin's negligent conduct caused the death of Frank Johnson. Frank Johnson endured serious physical injuries and conscious pain and suffering and mental anguish prior to his death.

29. Pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. § 41-2-1 (1978), *et. seq.*, Thomas John Hearn, as Personal Representative of the Estate of Frank Johnson, is entitled, on behalf of the estate and the beneficiary Brigit Blackham, its full and complete compensation for damages including, but not limited to, the following:

   (a) Reasonable expenses for Frank Johnson's necessary medical care and treatment and his funeral and burial expenses;

   (b) Pain and suffering experienced by Frank Johnson between the time of Defendant's negligence and his death;

   (c) The lost earnings, the lost earning capacity and the value of the lost contribution to household services of Frank Johnson;

   (d) The value of Frank Johnson's life apart from his earning capacity; and

   (e) Mitigating or aggravating circumstances attending Defendant's negligence.

**COUNT II: IMPUTED NEGLIGENCE OF DEFENDANT LIONS XPRESS, INC. AND THE RESULTING WRONGFUL DEATH OF FRANK JOHNSON**

30. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

31. Defendant Lions Xpress, Inc. owned the tractor-trailer driven by Defendant Jeffery J. Griffin at the time of the subject collision.

32. At the time of the subject collision, Defendant Griffin was an employee or agent of Defendant Lions Xpress, Inc., serving as a commercial motor vehicle driver.

33. At the time of the subject collision, Defendant Griffin was driving a tractor-trailer under dispatch by Defendant Lions Xpress, Inc.

34.	At the time of the subject collision, Defendant Griffin was acting within the course and scope of his employment or agency with Defendant Lions Xpress, Inc.

35.	As Defendant Griffin's employer, Defendant Lions Xpress, Inc. is legally responsible for the injuries and damages caused by the negligence of Defendant Griffin under the doctrine of *respondeat superior* and other principles of agency.

36.	By virtue of imputed liability, Plaintiff is entitled to recover all damages alleged in Count I (Negligence of Defendant Griffin and the Resulting Death of Frank Johnson), and Count V (Punitive Damages Against Defendant Jeffery J. Griffin) in this Complaint from Defendant Lions Xpress, Inc.

**COUNT III:  INDEPENDENT NEGLIGENCE OF DEFENDANT LIONS XPRESS, INC. AND THE RESULTING WRONGFUL DEATH OF FRANK JOHNSON**

37.	All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

38.	Defendant Lions Xpress, Inc. was independently negligent in the following ways:

(a) Negligently hired Defendant Griffin when it knew or should have known that he was not a reasonably safe driver;

(b) Failed to adequately supervise Defendant Griffin regarding, among other things, hours of service regulations, work zone safety principles and defensive driving principles;

(c) Failed to otherwise implement appropriate safety policies and train and supervise its drivers to be reasonably safe when operating commercial motor vehicles; and

(d) Failed to maintain the 2019 Freightliner T2100 License Plate: YP 21737.

39. Defendant Lions Xpress, Inc.'s negligence is the cause of the collision that resulted in the death of Frank Johnson. Frank Johnson endured serious physical injuries and conscious pain and suffering and mental anguish prior to his death.

40. Pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. § 41-2-1 (1978), *et seq.,* Thomas John Hearn, as Personal Representative of the Estate of Frank Johnson, is entitled to seek on behalf of the Estate and beneficiary, Brigit Blackham, full and complete compensation for damages including, but not limited to, the following:

   (a) Reasonable expenses for Frank Johnson's necessary medical care and treatment and his funeral and burial expenses;

   (b) Pain and suffering experienced by Frank Johnson between the time of Defendant's negligence and his death;

   (c) The lost earnings, the lost earning capacity and the value of the lost contribution to household services of Frank Johnson;

   (d) The value of Frank Johnson's life apart from his earning capacity; and

   (e) Mitigating or aggravating circumstances attending Defendant's negligence.

## COUNT IV: NEGLIGENT ENTRUSTMENT

41. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

42. Defendant Lions Xpress, Inc. was independently negligent in the following ways:

    (a) Negligently hired Jeffrey J. Griffin when it knew or should have known that he was not a safe driver;

        i. Violations:

| File Date | Charges |
|---|---|
| March 24, 2006 | Disorderly Conduct |
| April 27, 2009 | Unlicensed<br>Uninsured Motor Vehicle |
| June 22, 2009 | Operate Uninsured Motor Vehicle<br>Unlicensed |
| May 11, 2010 | Battery/Makes Physical Contact |
| February 28, 2014 | Speeding 35 mph Over Limit<br>Driving on Suspended License |
| July 8, 2014 | Seatbelt Required Passenger |
| August 20, 2014 | Possession of Controlled Substance<br>Possession of Controlled Substance<br>Manufacturing/Delivering Cocaine<br>Firearm with Valid FOID |
| December 31, 2015 | Disregard Traffic Control Light<br>Possession of Cannabis<br>Unlicensed<br>Driving on Suspended License<br>Operate Uninsured Motor Vehicle |
| April 11, 2016 | Unlicensed/Driving on Suspended License<br>Operating Uninsured Motor Vehicle |
| November 18, 2016 | Driving 15-20 mph Above Limit |
| November 21, 2016 | Improper Traffic Lane Usage<br>Operating Uninsured Vehicle |
| December 5, 2016 | Aggravated Unauthorized Use of Weapon<br>Possession of Controlled Substance<br>Aggravated Assault with a Deadly Weapon/Rifle |
| November 28, 2018 | Failure to Remain at the Scene of an Accident |
| January 8, 2020 | Stopping/Standing at RR Crossing |

    (b) Failed to adequately supervise Defendant Griffin regarding among other things, hours of service, regulations, work zone safety principles and defensive driving principles;

8

  (c) Failed to otherwise implement appropriate safety policies and train and supervise its drivers to be reasonably safe when operating commercial motor vehicles;

  (d) Violated 49 CFR Part 391.11 (b) as required by 49 CFR Part 391.27; and

  (e) Violated 49 CFR Part 391.11(b)(7) under the rules of 49 CFR 391.15.

43. Defendant Lions Xpress, Inc.'s negligence is the cause of the collision that resulted in the death of Frank Johnson. Frank Johnson incurred serious physical injuries and conscious pain and suffering and mental anguish prior to his death.

44. Pursuant to the New Mexico Wrongful Death Act, N.M. STAT. ANN. § 41-2-1 (1978), *et seq.,* Thomas John Hearn, as Personal Representative of the Estate of Frank Johnson, is entitled to seek on behalf of the Estate and beneficiary, Brigit Blackham, full and complete compensation for damages including, but not limited to, the following:

  (a) Reasonable expenses for Frank Johnson's necessary medical care and treatment and his funeral and burial expenses;

  (b) Pain and suffering experienced by Frank Johnson between the time of Defendant's negligence and his death;

  (c) The lost earnings, the lost earning capacity and the value of the lost contribution to household services of Frank Johnson;

  (d) The value of Frank Johnson's life apart from his earning capacity; and

  (e) Mitigating or aggravating circumstances attending Defendant's negligence.

45. As a result of Defendant Griffin's utter disregard for the safety and wellbeing of Frank Johnson, Plaintiff is entitled to an award of punitive damages.

## COUNT V:  PUNITIVE DAMAGES AGAINST DEFENDANT JEFFERY J. GRIFFIN

46. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

47. Pursuant to the wrongful death statute, N.M. STAT. ANN. §41-2-1 (1978), *et. seq.*, punitive damages may be awarded as deemed fair and just.

48. Defendant Griffin's conduct in driving recklessly, carelessly, being over hours, and in failing to keep a proper and diligent lookout while operating a commercial motor vehicle was willful, wanton, malicious, reckless, and in bad faith.  Such failures demonstrate a conscious indifference to the consequences and make the award of punitive damages appropriate.

## COUNT VI:  PUNITIVE DAMAGES AGAINST DEFENDANT LIONS XPRESS, INC.

49. All preceding statements and allegations of the Complaint are incorporated herein by reference and realleged as if expressly set forth verbatim.

50. Pursuant to the wrongful death statute, N.M. STAT. ANN. §41-2-1 (1978), *et. seq.*, punitive damages may be awarded as deemed fair and just.

51. Defendant Lions Xpress, Inc.'s failure to adequately train and supervise Defendant Griffin and failure to maintain and implement appropriate safety policies and procedures, and in recklessly entrusting its vehicle to Defendant Griffin, were willful, wanton, malicious, reckless, and in bad faith.  Such failures demonstrate a conscious indifference to the consequences and make the award of punitive damages appropriate.

**WHEREFORE,** Plaintiff pray for judgment against the Defendants, jointly and severally, for an amount to be ascertained by a jury at the trial of this action, and both pre-judgment and post-judgment interest, and for such other and further relief, in law or in equity, as this Court may deem just and proper.

Respectfully Submitted:

DUHIGG & BERLIN, P.A.

<u>*/s/ David Duhigg*</u>
David Duhigg
P O Box 527
Albuquerque, NM 87102
(505) 243-3751
dlduhigg@gmail.com
*Attorneys for Plaintiff*